J-S10044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC NIGEL TAULTON, | |
| Appellant | No. 2549 EDA 2015 |

Appeal from the PCRA Order August 4, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0004611-2003

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                   **FILED FEBRUARY 19, 2016**

Appellant, Eric Nigel Taulton, appeals *pro se* from the order of August 4, 2015, denying his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On September 24, 2004, a jury convicted Appellant of corrupt organizations, criminal conspiracy, multiple counts of criminal use of a communications facility, and three counts of delivery of cocaine in an amount of at least 100 grams.[1]  On December 8, 2004, the trial court sentenced Appellant to an aggregate term of incarceration of not less than

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 911(b), 903, 7512, and 35 P.S. § 780-113(a)(30), respectively.

twenty-one nor more than forty-two years. On May 2, 2006, this Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied leave to appeal on December 13, 2006. (*See Commonwealth v. Taulton*, 903 A.2d 54 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 912 A.2d 1292 (Pa. 2006).

Subsequently, Appellant filed three PCRA petitions. The PCRA court dismissed each petition, and this Court affirmed their dismissals on appeal.

On October 16, 2014, Appellant filed the instant, *pro se*, fourth PCRA petition. On June 10, 2015, the PCRA court filed a Rule 907 notice of its intention to dismiss Appellant's PCRA petition. *See* Pa.R.Crim.P. 907(1). On July 15, 2015, Appellant filed a response. On August 4, 2015, the PCRA court dismissed Appellant's fourth PCRA petition. Appellant timely appealed.[2]

Appellant raises one question for this Court's review:

> I.  Is the Appellant's sentence a nullity in light of this Court's ruling in *Commonwealth v. Newman*[, 99 A.3d 86, 103 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015),] in which the mandatory sentencing statutes have been found to be facially unconstitutional?

(Appellant's Brief, at 7) (most capitalization omitted).

---

[2] Appellant filed a timely concise statement of errors raised on appeal pursuant to the court's order on September 2, 2015. *See* Pa.R.A.P. 1925(b). The PCRA court filed an opinion on September 15, 2015. *See* Pa.R.A.P. 1925(a).

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his fourth PCRA petition on October 16, 2014. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on March 13, 2007, ninety days after the Pennsylvania Supreme Court denied leave to appeal and Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had one year, until March 13, 2008, to file a timely PCRA petition. Because Appellant did not file his current petition until October 16, 2014, the petition is facially untimely. Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii).  Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented."  *Id.* at § 9545(b)(2).  The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies.  *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, however, Appellant contends that he does not need to demonstrate timeliness because his sentence is a legal nullity.  (*See* Appellant's Brief, at 10-13).  He further claims all arguments about whether or not the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and this Court's decision in *Newman*, *supra*, apply retroactively to cases on collateral review are somehow

irrelevant. (*See* Appellant's Brief, at 10-13). In essence, he appears to state that because the laws that he was sentenced under are void *ab initio*, his sentence is unconstitutional because it is as if the offense for which the jury convicted him never existed. (*See id.*). We disagree.

Firstly, the fact that Appellant challenges the legality of sentence, claiming his sentence is a legal nullity, does not allow him to evade the PCRA's timeliness requirements. In *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected this contention. The *Fahy* Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Fahy*, *supra* at 223 (citation omitted). Thus, Appellant cannot evade the PCRA timeliness requirements based on a claim of an illegal sentence. *See id.*

In any event, Appellant fails to point to a single case in which this Court has applied either *Alleyne* or *Newman* to cases on collateral review. (*See* Appellant's Brief, at 10-13). On the contrary, this Court has clearly stated that *Alleyne* does not apply on collateral review:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa.

> Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012), *citing* **Tyler v. Cain**, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also*, *e.g.*, **Commonwealth v. Taylor**, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008).

**Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Since **Miller**, neither our Supreme Court nor the United States Supreme Court has held that **Alleyne** applies retroactively. Appellant's claim that his sentence is a legal nullity and that upholding his sentence is in conflict with **Newman**, is simply without any relevant legal support. **See Miller**, *supra* at 995; **see also Commonwealth v. Riggle**, 119 A.3d 1058, 1067 (Pa. Super. 2015) (holding "**Alleyne** is not entitled to retroactive effect in th[e] PCRA setting.").

Here, Appellant was sentenced in 2004. His judgment of sentence became final in early 2007. Thus, this matter is clearly on collateral review, and his PCRA is facially untimely. Because **Alleyne** does not apply retroactively to cases on collateral review, it cannot afford Appellant relief. **See Riggle**, *supra* at 1067; **Miller**, *supra* at 995. Thus, the PCRA court properly found that Appellant's PCRA petition was untimely with no statutory exception applying. **See Hutchins**, *supra* at 53.

Order affirmed.

President Judge Gantman joins the Memorandum.

President Judge Emeritus Bender concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2016